OESTERLE v. KINNE.

1. WITNESSES — EVIDENCE — MATTERS EQUALLY WITHIN KNOWL-
EDGE OF DECEASED.
In a suit to foreclose a real estate mortgage, where one
of the mortgagees had died and the survivor was mentally
incompetent, defendants were precluded, under the statute,
from testifying as to payments made to deceased. .

2. MORTGAGES—FORECLOSURE—BURDEN OF PROOF.
The burden of proof to establish that no payments were
due and unpaid on a mortgage, in a foreclosure suit, was
on defendants.

3. SAME—FINDING THAT NOTHING WAS DUE JUSTIFIED.
In a suit to foreclose a mortgage, the finding of the court
below that interest was paid at the time payments on
principal were made, as evidenced by both receipts and in-
dorsements on the note, and, therefore, nothing was due
at the time the bill was filed, held, justified by the record.

Appeal from Ingham; Collingwood (Charles B.), J.
Submitted June 13, 1928. (Docket No. 110, Calendar
No. 33,787.) Decided July 24, 1928.

Bill by Agnes Oesterle, a mentally incompetent
person, by John Oesterle, Jr., guardian, against Ray
Kinne and another to foreclose a mortgage. From
a decree dismissing the bill, plaintiff appeals. Af-
firmed.

*Joseph W. Planck* and *W. S. Seelye,* for plaintiff.

*William C. Brown* and *Thomas A. Lawler,* for de-
fendants.

SHARPE, J.    This suit is brought by John Oesterle,
Jr., guardian of his mother, Agnes Oesterle, a mentally
incompetent person, to foreclose a real estate mort-

gage given by the defendants to John Oesterle, Sr.,
now deceased, and his wife, Agnes, "jointly, or sur-
vivor thereof." The defendants answered, denying
that any payments were due thereon. The mortgage
secured the payment of a promissory note for $3,600,
dated April 6, 1920, payable in 10 years, with interest
at 5 per cent. per annum, payable annually. The
mortgagors had the privilege of making payments on
the principal at any interest-paying period in sums of
$100 or more. The note and mortgage were found
by the guardian among the papers of his ward.

The defendants are precluded from testifying by
the statute. The evidence of the payments made con-
sists of receipts given the defendants by the deceased
and indorsements made by him on the note. His
signature on the several receipts was, we think, suf-
ficiently identified. On the back of the note is a space
for listing the payments made on the principal, and
another for listing payments of interest. No writing
appears on the latter, but on the former were certain
dates and figures clearly indicating that $1,995 had
been paid on the principal thereof. Some of the re-
ceipts plainly stated that a certain amount was paid
on principal and also a stated amount on interest.
Others stated that the interest had been paid and a
certain sum on the principal. Others simply stated
that a certain sum had been paid "to apply on mort-
gage." These sums agreed with the indorsements on
the note of payments made on the principal.

The burden of proof to establish payment was on the
defendants. Plaintiff insists that the penmanship on
some of the receipts bears such evidence "of tampering
and fraud" that under the rule stated defendants should
not be credited therewith. The trial court was not
satisfied, nor are we, after a careful inspection of the
receipts, that such claim can be maintained. In sup-
port of this finding it may be said that the several

amounts of principal paid indorsed on the note are also plainly stated on the receipts. It is contended that no inference can be drawn that the interest was paid at the time some of the indorsements of principal were made, as the receipts do not definitely so state. Several of the receipts state the amount of interest paid at the time of the payment on principal, and one of them states that the interest was paid at that time, without stating the amount.

It seems improbable that the deceased would have accepted and receipted for payments of principal if there was unpaid interest then due without its payment. It is unfortunate that more satisfactory proof of interest payments made at these times could not have been made. As before stated, the defendants were precluded from testifying. We feel constrained to agree with the trial judge in his finding that interest due was paid at the time the payments on principal were made as evidenced by both the receipts and the indorsements made on the note, which note from all that appears was always in the possession of the deceased.

Counsel for plaintiff conceded at the hearing that, if such payments be credited on the note and mortgage, there was nothing due thereon at the time the bill was filed.

The decree dismissing the bill will therefore be affirmed, with costs to appellees.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.